# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1633-S |
| THIBODEAUX'S AUTHENTIC CAJUN COOKIN LLC d/b/a THIBODEAUX'S CAJUN COOKIN', et al. | § § § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants' Motion to Set Aside Entry of Default and Supporting Briefing [ECF No. 13]. For the following reasons, the Court grants the Motion.

### I. BACKGROUND

On July 8, 2019, Joe Hand Promotions, Inc. ("Plaintiff") filed suit against Thibodeaux's Authentic Cajun Cookin, LLC d/b/a Thibodeaux's Cajun Cookin' and Louis Thibodeaux, d/b/a Thibodeaux's Cajun Cookin' (collectively "Defendants"). *See* Mot. ¶ 1. Defendants were served on August 17, 2019. *See id.* ¶ 2. Shortly thereafter, Defendants retained an attorney to file an answer and defend them in this matter. *See id.* Ex. 1 ¶ 6. That attorney allegedly represented to Defendants that he would timely file an answer on Defendants' behalf. *See id.* Despite that representation, Defendants did not file an answer by their prescribed deadline. *See* ECF No. 10. Upon Plaintiff's request, the Clerk entered default on September 25, 2019. *See* ECF No. 11. Defendants filed their pending Motion to Set Aside Entry of Default and Supporting Briefing on October 29, 2019.[1]

---

[1] Plaintiff's counsel informed the Court that Plaintiff did not intend to file a response to the Motion.

## II. LEGAL STANDARD

A court may set aside an entry of a default for good cause shown. FED. R. CIV. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000) (citation omitted). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy*, 227 F.3d at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously to cure the default". *Id.* (citation omitted).

Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Id.* (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has "adopted a policy in favor of resolving cases on the merits and against the use of default judgments." *Rogers v. Hartford Life & Accident Ins.*, 167 F.3d 933, 936 (5th Cir. 1999) (citation omitted); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations . . . [and] are available only when the adversary process has been halted because of an essentially unresponsive party." (internal citations and quotation marks omitted)).

## III. ANALYSIS

### A. *Willfulness*

Defendants' Motion and evidence demonstrate that their failure to file an answer or otherwise respond timely was the result of the reasonable but mistaken belief that their previous attorney would prepare and file an answer. *See* Mot. ¶¶ 1-3. Accordingly, the Court determines that, under these circumstances, Defendants' failure to respond was not willful, but rather the result of excusable neglect. *Cf. AAR Supply Chain, Inc. v. N & P Enters.*, Civ. A. No. 3:16-CV-2973-L,

2017 WL 5626356, at *2 (N.D. Tex. Nov. 22, 2017) (finding failure to answer was not willful where defendant believed another entity would be handling the litigation).

### B. *Prejudice*

To establish prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)); *see also Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985) (concluding that prejudice to the plaintiff must involve more than the mere possibility of delay inherent in every case). No prejudice exists to the plaintiff "where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (citation omitted). Here, the case is still in the initial stages of litigation, and therefore, Plaintiff has not suffered prejudice sufficient to deny the Motion. *See AAR Supply Chain*, 2017 WL 5626356, at *2 (finding no legal prejudice, despite Plaintiff's incurrence of attorneys' fees and costs).

### C. *Meritorious Defense*

"A defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which proven at trial, would constitute a complete defense." *Joe Hand Promotions, Inc. v. Adame*, No. EP-12-CV-141-KC, 2012 WL 3561367, at *3 (W.D. Tex. Aug. 16, 2012) (quoting *Side by Side Redevelopment, Inc. v. City of New Orleans*, Civ. A. No. 09-03861, 2010 WL 375237, at *3 (E.D. La. Jan. 25, 2010)). Here, Defendants allege, among other things, they are not liable under the Federal Communications Act ("FCA") because the event at issue was displayed through an online service on the internet, and not through cable transmission or satellite transmission. *See* Mot. ¶¶ 10-12. Several courts have expressed skepticism as to whether the FCA applies in these types of circumstances. *See, e.g., Joe Hand Promotions Inc. v. Spain*, No. CV-15-00152-PHX-

SMM, 2016 WL 4158802, at *4 (D. Ariz. Aug. 5, 2016) (finding this to be a question of fact); *see also J & J Sports Prods., Inc. v. Sandana*, No. 1:13-CV-842 AWI-JLT, 2014 WL 3689283, at *4 (E.D. Cal. July 23, 2014) (same).

Additionally, Defendants argue that they are not liable under the Copyright Act because they meet the "homestyle" exemption, which applies when an establishment uses a single receiving apparatus of the kind commonly used in private homes for "the incidental entertainment of patrons in a small business," the transmission is provided free of charge, and it is not further transmitted to the public. Mot. ¶ 16 (citing 17 U.S.C. § 110(5)(A)). According to Defendants, the event at issue was displayed on a single television and there was no cover charge to enter the establishment. *Id.* Given the lenient standard that Defendants need to meet at this juncture, the Court finds that Defendants have presented sufficient meritorious defenses to justify setting aside the clerk's entry of default.

### D. *Expeditiousness*

Finally, Defendants moved to set aside entry of default 34 days after it was entered by the clerk. *See* ECF Nos. 11, 13. Given that Defendants were forced to retain new counsel in the interim, the Court finds that they acted expeditiously. *Cf. Rossingnol v. Tillman*, Civ. A. No. 10-3044, 2011 WL 1303127, at *1-2 (E.D. La. Mar. 30, 2011) (finding defendant acted expeditiously by filing its motion thirty days after entry of default),

### IV. CONCLUSION

For the reasons discussed above, the Court finds good cause to set aside the entry of default, *see* FED. R. CIV. P. 55(c), and grants the Motion. Pursuant to Federal Rule of Civil Procedure 60(b), the Court sets aside the September 25, 2019, Clerk's Entry of Default. The Court further orders that Defendants answer or otherwise respond to Plaintiff's Complaint by December 2, 2019.

**SO ORDERED.**

SIGNED November 5, 2019.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**

5